**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 26-1474**

———————

KARL LINARD MALLOY,

>           Debtor - Appellant,

> v.

WILLIAM ANTHONY BROSCIOUS; CHRISTIAN KIRKPATRICK VOGEL; MATTHEW WARD CHENEY, U.S. Trustee,

>           Trustees - Appellees.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:25-cv-00525-MHL)

———————

Submitted:  June 25, 2026                    Decided:  June 30, 2026

———————

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Karl Linard Malloy, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl Linard Malloy seeks to appeal the district court's order dismissing his bankruptcy appeal for lack of jurisdiction. District courts have jurisdiction to hear appeals from, as relevant here, bankruptcy judges' "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). A bankruptcy court's order approving the hiring of counsel is not such an order. *See, e.g.*, *In re Cottrell*, 876 F.2d 540, 542 (6th Cir. 1989). And because the bankruptcy court's order is not a final order, we lack jurisdiction over this appeal. 28 U.S.C. § 158(d)(1); *see Mort Ranta v. Gorman*, 721 F.3d 241, 245 (4th Cir. 2013) ("Both the district court order and the bankruptcy court order must be final for our jurisdiction to be proper under § 158(d)(1)."), *overruled on other grounds by Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015).

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*